**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff‒Appellee,

v.

STEPHEN J. ELDREDGE,

        Defendant‒Appellant.

No. 07-4175,
(D.C. No. 2:05-CR-771-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **HENRY**, Circuit Judges.

Stephen J. Eldredge pleaded guilty to manufacturing counterfeit obligations in violation of 18 U.S.C. § 471. Under the terms of the plea agreement, he waived his right to appeal or collaterally attack any issue concerning his prosecution, conviction, and sentence except any sentence imposed above the statutory maximum or any upward departure imposed above the high end of the guideline range. *See* Mot. to Enforce, Attach. A (Plea Agreement) at 3, para. 10.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The statutory maximum sentence was twenty years in prison, but the district court sentenced Mr. Eldredge to twelve months and did not apply an upward departure. Nevertheless, Mr. Eldredge filed a notice of appeal, and the government moved to enforce his appeal waiver in accord with the procedure established in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

Mr. Eldredge's attorney has since filed a response to the government's motion to enforce, stating his belief that there is no legitimate basis for the appeal. We therefore afforded Mr. Eldredge the opportunity to file a pro se response to the government's motion, but he did not respond. Hence, we proceed under *Hahn* to consider (1) whether the disputed issue falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Id.* We have reviewed the parties' materials and conclude that the *Hahn* factors weigh in favor of the government. Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM